UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATOSHA DENISE ROWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:18-cv-00206-JHE |
| ) | |
| GESTAMP ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**[1]

Plaintiff Latosha Denise Rowell ("Rowell"), proceeding *pro se*, brings this action against her employer Defendant Gestamp Alabama, LLC ("Gestamp") alleging she was subjected to a sex-based hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Doc. 6). Gestamp moves to dismiss the amended complaint. (Doc. 10). Although she twice failed to respond to the motion to dismiss, after the undersigned ordered Rowell to show cause why this action should not be dismissed for want of prosecution (doc. 17), Rowell filed both a response to the show cause order[2] (docs. 18 & 20)[3] and a brief in opposition to the motion to

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 14).

[2] Rowell conventionally filed a CD containing an audio file with her response to the motion to dismiss. (*See* docket entry re doc. 18). The undersigned declines to convert this motion to dismiss to a motion for summary judgment and thus will not consider evidence in ruling on the motion. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). However, to the extent that are any allegations in Rowell's pleadings regarding the contents of the CD, such allegations will be taken as true under the Rule 12(b)(6) standard. *See* FED. R. CIV. P. 12(b)(6).

[3] Because the response to the show cause order contained personal identifiers and medical information about a minor, the undersigned directed the Clerk to place the response under seal and to place a redacted version in the record.

1

dismiss (doc. 19). Gestamp then filed a reply brief in support of its motion to dismiss. (Doc. 21). Thus, the motion is ripe for review. Having reviewed the pleadings and applicable law, Gestamp's motion to dismiss (doc. 9) is **GRANTED**.

## I. Factual Allegations[4]

Rowell alleges she was subjected to a sex-based hostile work environment and retaliation. (Doc. 6). On her October 20, 2017 Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), Rowell checked the box labeled "SEX" discrimination and provided the following to describe her claim:

> I am a female; I was hired as full-time employee by the above named employer on August 28, 2017 as a Quality Tech. On or around August, 2017, Mr. Michael Carter (Supervisor of another section), hugged me. I told Mr. Carter that his action of hugging me was not welcomed; he then hugged me once more explaining that it meant nothing. I specifically let Mr. Carter know that his actions were not welcomed and were offensive. Mr. Carter would continually complement me on how beautiful I am, to which I let him know that his advances were not welcome neither were they appropriate since it created a hostile work environment. MR. Carter has said to me that females are "hard headed." I reported Mr. Carter offensive actions and behavior to Ms. Traci Wells (Human Resources), on September 29, 2017. Since then Mr. Carter has not spoken to me or approached me. Even though I believe that Mr. Carter was told to stay away from me, I find that his actions are to taunt me, because he comes by my surroundings of where I work which are public work areas. I have reported Mr. Carter smelling of alcohol since then, because I passed near him when I was headed to the bathrooms. I have been told that an Investigation is still ongoing regarding the harassment and alcohol incidents, but I fear that nothing will be done.
>
> I believe that I have been discriminated against because of my sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 6-1 at 1). In her amended complaint, Rowell alleges the follows:

---

[4] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, the "facts" are taken directly from the complaint.

> I was grabbed from behind by associate Michael Carter in which his body was pressed against mine and his arms across my chest. Mr. Warren Landry did not handle the situation correctly putting me in a hostile work environment with Mr. Carter. Traci Wells, my HR Coordinator did not handle the situation in a timely manner by ignoring my e-mails, phone calls, and threatening my job. My hours have been changed numerous of [sic] times as well as other associates being given off-days instead of myself. Mr. Carter was never disciplined for his actions even after they were made aware of his alcoholic behavior and comments about me. My work suffered and working around the rumors and harassment made my daily living situations harder than normal. I feel as though by terminating everyone's employment due to their lack of judgment and behavior was a cover-up to avoid my legal case.

(Doc. 6 at 5-6).

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted

unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. Analysis

#### A. Retaliation Claim

Gestamp asserts that Rowell's retaliation claim should be dismissed because she failed to exhaust her administrative remedies as to this claim. (Doc. 9 at 4-5). A plaintiff must file a charge of discrimination with the EEOC prior to bringing a civil action pursuant to Title VII. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970). The purpose of this "condition precedent," *id*, "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v. United States Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). And from this, the scope of the judicial complaint is limited by the EEOC Charge and investigation, *id.*; specifically, "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dept. of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).

Gestamp argues that there are no allegations in Rowell's EEOC Charge that could have provided Gestamp or the EEOC with notice that she intended to raise a retaliation claim. (Doc. 9 at 5). Gestamp points out that Rowell did not check the "RETALIATION" box and did not allege any facts suggesting she was subjected to an adverse employment action after reporting her complaints concerning Carter to Human Resources. (*Id.*). In response, Rowell contends she was

4

only allowed to check one box when filing her EEOC complaint and that she was "advised by EEOC representative Michael G. Albert that if any other matters occur to return to the EEOC office and add to her existing complaint as it would still be open for investigation." (Doc. 19 at 2-3). Rowell appears to contend that, when she had additional allegations to add, she was told her case was already closed and a Right to Sue Letter would be mailed. (*Id.* at 2).

As an initial matter, Rowell's arguments regarding exhaustion do not withstand scrutiny. In the section titled "DISCRIMINATION BASED ON," the EEOC Charge Form instructs the charging party to "(Check appropriate box(es)[,]" indicating that it is acceptable to check more than one box. (Doc. 6-1). Additionally, Rowell was free to provide facts to support a retaliation claim in her EEOC Charge in the section for "THE PARTICULARS," which allows the charging party to attached additional sheets if needed. (*Id.*). Furthermore, if Rowell had additional allegations after she was told the investigation closed, preventing her from amending or supplementing her Charge, there was nothing stopping her from filing an additional EEOC Charge, which she did not.

Thus, the proper inquiry here is whether Rowell's retaliation claim (alleged changed work scheduling) was like or related to, or grew out of, the allegations contained in her EEOC Charge. In her EEOC Charge, Rowell complained about unwelcomed "hugging" and comments about her appearance from Carter, a supervisor of another section. (Doc. 6-1 at 1). She stated she reported the incident to Human Resources and that, since then Carter had not spoken to or approached her. (*Id.*). Rowell also explains Carter would sometimes come around her when she was in public work areas and that she reported him smelling of alcohol. (*Id.*). It is not apparent how the investigation into these complaints and Gestamp's response could be extended to encompass her retaliation claim based on scheduling changes. As such, Rowell did not administratively exhaust her

retaliation claim.

Even assuming Rowell's retaliation claim was not administratively barred, she does not set forth sufficient facts to state a claim for retaliation under Title VII. To establish a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is some causal relationship between the two events. *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir.1997) (per curiam); *see also Goldsmith v. City of Atmore*, 996 F.2d 1155, 1162–63 (11th Cir.1993). Rowell's amended complaint fails to allege she suffered an adverse employment action. Thus, even if Rowell submitted evidence to prove every allegation in her complaint, she would not be able to state an actionable claim of retaliation under Title VII.

The only alleged employment action Rowell claims to have suffered is that her "hours have been changed numerous of [sic] times as well as other associates being given off-days instead of myself" (doc. 6 at 5-6), explaining in her response that Warren Landry changed her shift schedule repeatedly to accommodate other associates not consulting with her first (doc. 19 at 3). Changes to shift assignments or work schedules, absent more, are insufficient to allege an adverse employment action. *See Jackson v. Hall Cnty. Gov't*, 518 Fed. App'x 771, 773 (11th Cir. 2013) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) (requiring actionable employer conduct to be "significant," rather than "trivial," emphasizing that "petty slights or minor annoyances that often take place at work")); *see also Lawson v. City of Pleasant Grove*, Case No. 2:14-cv-0536-JEO, 2016 WL 2338560, *8 (Feb. 16, 2016) ("The City is also correct that Lawson's reassignment from the evening shift (2 p.m. to 10 p.m.) to the night shift (10 p.m. to 6 a.m.) is not itself an adverse employment action, given that Lawson has not shown any difference in pay, benefits, responsibility level, prestige, or duties."). Accordingly, Gestamp's motion to dismiss

Rowell's retaliation claim is due to be **GRANTED**.

## B. Sex-Based Hostile Work Environment Claim

Gestamp alleges Rowell's sex-based hostile work environment claim is due to be dismissed pursuant to Rule 12(b)(6) because the amended complaint does not allege sufficient facts to state a claim. (Doc. 9 at 6-8). Specifically, Gestamp contends that (1) the allegations are not the type of "severe or pervasive" conduct that would alter the terms and conditions of employment and create a hostile work environment and (2) Rowell acknowledges Gestamp investigated her reports and that her alleged harasser was terminated following the investigation. (Doc. 6 at 6).

To establish a hostile work environment claim pursuant to Title VII, a plaintiff has the burden of proving "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc*., 277 F.3d 1269, 1275 (11th Cir.2002). To meet this burden, a plaintiff must show: (1) she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic, such as race or sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment; and (5) the employer is responsible for such environment under a theory of vicarious or direct liability. *Id.* The requirement that the harassment be "severe or pervasive" contains an objective and subjective component. *Id*. at 1276. "Thus, to be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceive[s] . . . to be abusive." *Id*. (internal quotations omitted).

Although Rowell dedicates much time to outlining Gestamp's anti-harassment policy, violation of the anti-harassment policy is not actionable in and of itself. Instead, Rowell must

present allegations to support her alleged violation of Title VII, which she has not. Fatal to Rowell's claim is that there are no allegations to show Gestamp could be responsible for a hostile work environment claim. Title VII prohibits *employers* from engaging in unlawful discrimination and retaliation. 42 U.S.C. § 2000e-2(a)(1). Although Title VII protects employees from sexually hostile work environments created by supervisors and coworkers, a plaintiff must show how the employer can be held responsible for the harasser's actions.[5] The test for employer liability differs, however, depending upon whether the harasser is the plaintiff's co-employee or the plaintiff's supervisor. When the sexual harasser is a coworker, as here,[6] "an employer is directly liable[7] for an employee's unlawful harassment if the employer was negligent with respect to the offensive behavior." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013). Rowell's allegations do not support any negligence on the part of Gestamp. To the contrary, Rowell alleges that when she complained to Human Resources about Carter's behavior, Gestamp investigated, and Gestamp terminated Carter's employment. (Doc. 6 at 5-6, doc. 6-2 at 25, 29). This is exactly what an employer is supposed to do. There are no allegations that Gestamp knew or should have known about harassment and allowed it to continue.[8] Accordingly, there are no allegations that support

---

[5] Alternatively, based on Rowell's allegations that Carter hugged her twice and made a few comments about her appearance and females being "hard-headed," it does not appear she has alleged sufficient facts to show that Carter's actions were "sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatory abusive working environment." *Miller*, 277 F.3d at 1275.

[6] Although Rowell alleges Carter was a supervisor, she explains that he was the supervisor in a different department. Thus, he was her co-worker.

[7] Vicarious liability does not apply when the alleged harasser is a coworker. *See Vance*, 570 U.S. at 427.

[8] Additionally, in her response to the undersigned's Show Cause Order, Rowell submits an audio recording that she alleges is an Human Resources associate stating that she is "safe now" after Carter was terminated. (See doc. 18 at 2, doc. 20 at 2). Although the undersigned does not consider evidence at this stage of the litigation, this allegation undermines any liability that could be attributed Gestamp. Even if the undersigned were to consider the audio file as evidence, it would not support Rowell's Title VII hostile work environment claim.

Rowell holding Gestamp responsible for Carter's behavior.  Gestamp's Rule 12(b)(6) motion to dismiss Rowell's hostile work environment claim is due to be **GRANTED**.

## IV. Conclusion

For the reasons stated above, Gestamp's motion to dismiss (doc. 9) is **GRANTED**.  A separate order will be entered.

DONE this 12th day of October, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE